2011 WY 99

**William Arthur BRUYETTE, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0250.

Supreme Court of Wyoming.

June 24, 2011.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina Olson, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Katrina J. Brown, Student Intern.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] William Arthur Bruyette was charged with felony possession of marijuana. At trial, he sought to introduce evidence that he obtained the marijuana in California with a prescription for medical marijuana. The district court granted the State's in limine motion to exclude evidence relating to a medical marijuana defense and instructed the jury that possession of medical marijuana was not a defense to the crime charged. The jury convicted Mr. Bruyette of felony possession of marijuana. Mr. Bruyette appeals, claiming the district court denied him his constitutional right to present his defense.

## ISSUE

[¶ 2] Mr. Bruyette presents the following issue for this Court's determination:

Whether he was denied his right to present a defense to the jury guaranteed by Art. 1, § 10 of the Wyoming Constitution and the United States Constitution.[1]

1. Art. 1, § 10 of the Wyoming Constitution provides in pertinent part: "In all criminal prosecutions the accused shall have the right to defend in person and by counsel,...." Mr. Bruyette does not cite a particular provision of the United States Constitution but indirectly references the due process clause of the Fourteenth Amendment and the compulsory process and confrontation clauses of the Sixth Amendment in which a criminal defendant's guarantee of a meaningful opportunity to present a complete defense is rooted. *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986).

2. Wyo. Stat. Ann. § 35–7–1031(c)(iii) provides:
   (c) It is unlawful for any person knowingly or intentionally to possess a controlled sub-

## FACTS

[¶ 3] On December 17, 2009, police officers arrested Mr. Bruyette in Sheridan County, Wyoming for felony possession of marijuana in violation of Wyo. Stat. Ann. § 35–7–1031(c)(iii) (LexisNexis 2009).[2] He informed the officers at the time that he had obtained the marijuana in California with a medical prescription card.

[¶ 4] Prior to trial, the State filed a motion in limine asking the district court to prohibit Mr. Bruyette from presenting a defense or evidence related to his possible right under California law to possess and use marijuana for medical reasons. After a hearing, the district court conditionally granted the motion, but gave Mr. Bruyette several days to produce a prescription or other document showing that a physician had advised him to use marijuana for medical reasons. Several days later, defense counsel provided notice that Mr. Bruyette had not obtained a prescription for medical marijuana that could be introduced pursuant to § 35–7–1031(c).

[¶ 5] The State then filed a second motion in limine, asking the district court to prohibit any reference during trial to medical marijuana or the use of marijuana for medical purposes. At a hearing before jury selection on the first day of trial, defense counsel responded to the State's motion by stating he would not be presenting an affirmative defense involving medical marijuana. The district court granted the State's motion, stating that the parties were barred from making "any reference to medical marijuana, prescription or physician or doctor recommenda-

stance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection:
   ....
   (iii) And has in his possession any other controlled substance classified in Schedule I, II or III in an amount greater than set forth in paragraph (c)(i) of this section, is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than ten thousand dollars ($10,000.00), or both[.]

tion or justification for the marijuana, as well as therapeutic or medicinal treatment or value for the marijuana."

[¶ 6] During the trial, the district court mentioned to the parties that defense counsel had submitted a jury instruction addressing medical marijuana and it did not intend to give the instruction. After presentation of the State's case, Mr. Bruyette elected to testify in his own defense. During direct examination, in response to defense counsel's question, "Did [the police] ask you about marijuana?" Mr. Bruyette testified, "He [the officer] mentioned that my daughter had said that I had a medical marijuana card from California." The State objected to the testimony as violating the district court's pretrial order. The State asked the court to strike the testimony and give a curative instruction advising the jury that the possession of a medical marijuana card was not a defense to the charge of possessing marijuana. Defense counsel responded that he had not expected the testimony, he had gone over the court's order with Mr. Bruyette and he had no objection to the court striking the testimony. The district court admonished Mr. Bruyette not to make any further reference to medical marijuana or a card in front of the jury but offered him the opportunity to make an offer of proof. Defense counsel declined. The district court then told the jury that Mr. Bruyette's testimony concerning medical marijuana was stricken and was not to be considered and that his possession of a medical marijuana card was not a defense to the charge of unlawfully possessing marijuana.

[¶ 7] During the instruction conference, defense counsel offered an instruction stating that a valid prescription for medical marijuana was a defense under § 35–7–1031(c). The district court declined to give the instruction on the ground that no evidence was presented that a valid prescription existed, the defense had given notice that there was no prescription and a medical marijuana card did not constitute a prescription. The district court also advised that the curative instruction given during trial would not be repeated when the other instructions were read and the State was not to reference the curative instruction during closing argument because the testimony concerning a medical marijuana card had been stricken and any further reference to that testimony would violate the in limine order.

[¶ 8] After the district court read the jury instructions, the jury deliberated for twenty minutes and returned a verdict of guilty. The district court imposed a sentence of eighteen to thirty months incarceration, suspended the sentence and ordered Mr. Bruyette to serve a split sentence of 121 days in the county detention center and two years unsupervised probation. Mr. Bruyette timely appealed.

## STANDARD OF REVIEW

[¶ 9] Mr. Bruyette contends the district court denied him his constitutional right to present a defense when it precluded him from presenting evidence of the medical marijuana card and instructed the jury that the card was not a defense to the possession charge. We review constitutional issues *de novo.* *Smith v. State,* 2009 WY 2, ¶ 35, 199 P.3d 1052, 1063 (Wyo.2009).

## DISCUSSION

[¶ 10] A criminal defendant has the right to present evidence in his own defense. *Proffit v. State,* 2008 WY 103, ¶ 24, 191 P.3d 974, 981 (Wyo.2008). That right, however, is not unlimited. *Id.,* citing *Dysthe v. State,* 2003 WY 20, ¶ 5, 63 P.3d 875, 879 (Wyo.2003). For evidence to be admissible, it must be relevant. W.R.E. 402. Relevant evidence is evidence having a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." W.R.E. 401. Even relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." W.R.E. 403.

[¶ 11] Here, the district court concluded a California physician's recommendation to use marijuana for medical purposes (if such a recommendation existed) was not a valid prescription or medical practitioner's order within the meaning of § 35–7–1031(c) and was

not, therefore, a valid defense to a charge in Wyoming for possessing marijuana. The district court's ruling is consistent with our holding in *Burns v. State*, 2011 WY 5, ¶ 12, 246 P.3d 283, 286 (Wyo.2011), which was issued after Mr. Bruyette filed his brief in this Court. We held in *Burns* that a defendant charged with possession of marijuana under § 35–7–1031(c) is not exempt from criminal liability in Wyoming even if he legitimately obtained a medical marijuana prescription or physician's order under another state's law. As we said in *Burns*, the possession of marijuana, even for medical purposes, is illegal; therefore, it would be illegal under Wyoming law for a physician to prescribe or order, in any sense, the possession of marijuana. It is, likewise, illegal under Wyoming law for a patient, or anyone else, to possess marijuana even if he obtained it on the basis of a physician prescription or recommendation. The question of whether or not Mr. Bruyette had a medical marijuana card from a California physician was irrelevant. Because it was irrelevant, the district court properly excluded it.

[¶ 12] Affirmed.